*In re* NEW YORK, L. & W. RY. CO.   *In re* CHESBROUGH *et al.   In re*
SCHULTZ *et ux.*

(*Supreme Court, General Term, Fifth Department.*   January 24, 1891.)

APPEAL—DECISION ON FORMER APPEAL.
    Where an appeal was decided adversely to appellant, but no opinion was written,.
    it will be assumed that every material question was decided; and an order denying
    appellant's motion, involving substantially the same questions, will be affirmed.

Appeal from special term, Wyoming county.
Application of the New York, Lackawanna & Western Railway Company
to appraise lands of Abram M. Chesbrough and others, Byron M. Schultz, and
Mary Schultz, his wife.   A motion to set aside an order appointing commis-
sioners was denied, and the land-owners appeal.

Argued before DWIGHT, P. J., and MACOMBER and CORLETT, JJ.
*George W. Cothran,* for appellants.   *Franklin D. Locke,* for respondent.

CORLETT, J.   On the 5th day of January, 1882, an award.was made in fa-
vor of the appellants against the respondent for $8,720, damages for the tak-
ing of certain lands for right of way, belonging to the appellants, for rail-
way purposes.   The report was confirmed in March of the same year, and on
the 3d day of April Schultz and wife appealed from the award.   In May, 1886,
an application,was made, upon affidavits, to set aside the award, which was
denied, and an apppeal was taken to this court.   Several other orders were
made at special term denying like motions.   In February, 1889, four appeals.
were argued in this court,—one being to set aside the award; and the other
three, appeals from orders of the special terms denying applications to set
the award aside, upon affidavits and other papers.   In the April following, the
appeal from the award was affirmed; also all the orders appealed from.   No.
opinions were written, nor do the grounds of the decisions appear in the case..
See 6 N. Y. Supp. 766, *mem.*   All those cases were appealed to the court of
appeals.   The appeals from the orders were dismissed, and the one from the
award affirmed.   See 22 N. E. Rep. 1127, *mem.*   After that, this motion was
made.   When the first motion was decided before Justice DANIELS at special
term, he wrote an opinion, which appears in the case; also one upon the de-
cision from which this appeal was taken, which appears.   The appellants re-
ceived the amount of the award in June, 1882.   So far as.the case shows, no·
application was made for reargument in this court, or for leave to renew any
of the motions in any of the appeals.

It must be assumed that this court examined and determined every material
question presented by the papers in the various appeals decided.   If any ques-
tion or questions were overlooked by the special term, they must have been.
considered and determined in this court.   Error cannot be presumed.   No·
new questions of an important character were presented to the special term on.
the motion from which this appeal is taken.   The numerous affidavits and
papers appearing in the printed case clearly show that the grounds of complaint
by the appellants were brought to the attention of the court before Justice
DANIELS on the first motion; also before Justice LEWIS.   The opinion of the·
special term in the present case is to the effect that no new questions have·
been presented; and the affidavits so show.   It may be assumed, and the jus-
tice in his opinion at special term so states, that the matters involved in this.
and the former motions are more fully presented and carefully analyzed in
the present case than upon the former hearings.   But the substantial grounds.
upon which relief is demanded are the same.   Under such circumstances, it
is evident that the former decisions of this court are decisive of this appeal..
The voluminous papers and briefs have been carefully examined, but they fail
to show that any new facts, not previously accessible, were presented as the·
basis of this motion.   The order appealed from must be affirmed.   All concur..